**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| TIMES CONTENT LIMITED,<br><br>　　　　Plaintiff,<br>v.<br><br>DOE 1 d/b/a smartcric.com,<br>DOE 2 d/b/a crickethdlive.com, and<br>DOES 3-10,<br><br>　　　　Defendants. | §<br>§　Civil Action No.<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**COMPLAINT**

　　Plaintiff Times Content Limited ("TCL") brings this suit against Defendants Doe 1 d/b/a smartcric.com, Doe 2 d/b/a crickethdlive.com, and Does 3-10 (collectively, "Defendants") and states as follows:

**Nature of the Action**

　　1.　TCL brings this suit for copyright infringement to stop Defendants' blatant infringement of TCL's exclusive rights.  Defendants are directly and secondarily infringing TCL's exclusive rights in the United States to the live coverage of the 2017 Indian Premier League cricket tournament ("2017 IPL") by distributing, displaying and retransmitting that television content over the Internet to consumers throughout the United States via Defendants' smartcric.com and crickethdlive.com websites.  Defendants are not authorized to display, retransmit, or distribute the 2017 IPL, and TCL has received no compensation from Defendants.  Written demands asking Defendants to cease infringing TCL's exclusive rights have gone unanswered, prompting this suit for damages and injunctive relief.

**Parties**

　　2.　TCL is a company registered under the laws of India, with its registered office located at 10, Daryaganj, New Delhi 110002, India.

3.     TCL is the owner of Willow TV, including the Willow Cricket and Willow Extra channels and certain programming content on those channels, including the exclusive rights to distribute and publicly perform the 2017 IPL in the United States by means including Internet, Over-The-Top ("OTT"), Internet protocol television ("IPTV"), satellite, cable, and mobile devices.

4.     TCL is currently unaware of the identities of Defendants Doe 1 d/b/a smartcric.com, Doe 2 d/b/a crickethdlive.com, and Does 3-10, who are, on information and belief, assisting Defendants Doe 1 and Doe 2 in the unauthorized display, distribution and retransmission of the 2017 IPL, and therefore sue these Defendants by such fictitious acronyms.

5.     TCL is informed and believes and on that basis alleges that each of the Defendants is the agent and/or principal for one another, is acting within the scope of such agency when engaging in the misconduct alleged herein, and is jointly and severally liable for all damages arising as a result thereof.

## Jurisdiction and Venue

6.     TCL asserts claims under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction pursuant to 17 U.S.C. §§ 411(c) and 501, and 28 U.S.C. §§ 1331 and 1338(a).

7.     Personal jurisdiction over Defendants is proper in this Court because they have unlawfully distributed, displayed and retransmitted the 2017 IPL to consumers in the State of Texas and the Southern District of Texas, causing injury to TCL in this State and in this District. Texas, and particularly Houston, is a significant market in the United States for cricket matches, and TCL anticipates that viewership of the 2017 IPL in Texas will be high. In the alternative, personal jurisdiction is proper pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure because this Court's exercise of jurisdiction is consistent with the Constitution and laws of the United States,

TCL's claims arise under federal law, Defendants are not subject to the jurisdiction of the courts of general jurisdiction of any state, and on information and belief, Defendants' unlawful distribution, display and retransmission occurred in the United States, including the state of Texas.

8.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(3) because Defendants are subject to personal jurisdiction in this District.  Venue is also appropriate in this Court under 28 U.S.C. § 1400(a) because the case involves violations of the Copyright Act.  To the extent Defendants are not residents of the United States, venue is proper in this Court under 28 U.S.C. § 1391(c)(3) because nonresidents may be sued in any judicial district.

### TCL's Rights Associated with the 2017 IPL

9.      This action relates to the live distribution and public performance of the highly anticipated 2017 IPL cricket tournament that began on April 5, 2017 and features 60 cricket matches, played over 47 days in multiple venues across India.  TCL's Willow Cricket channel provides live coverage in the United States of all 60 2017 IPL cricket matches, culminating with the final on May 21, 2017.

10.     Each 2017 IPL match has or will be fixed as an audiovisual recording by a single authorized camera and production crew at the same time it is being transmitted live to consumers throughout the world via licensed television channels.  Each match is produced and broadcast in India by and/or on behalf of the Board of Control for Cricket in India ("BCCI").  BCCI in turn, exclusively licensed the United States distribution and public performance rights for the 2017 IPL to ESPN, Inc. ("ESPN").

11.     In February 2017, TCL entered into a signed, written licensing agreement with ESPN, under which TCL gained, among other things, the exclusive right to distribute and publicly perform the live and delayed coverage of all matches, highlights and clips of all matches, pre- and

post- match coverage, and all commentary associated with the 2017 IPL in the United States. This agreement is currently in effect.

12. In February 2017, TCL provided BCCI with copies of the written licensing agreement between TCL and ESPN. BCCI approved this agreement granting TCL the exclusive right to distribute and publicly perform the 2017 IPL in the United States.

13. In the United States, the live distribution and public performance of the 2017 IPL is exclusive to TCL. TCL owns the exclusive rights to, among other things distribute and publicly perform the 2017 IPL within the United States by means including Internet, OTT, IPTV, satellite, cable, and mobile devices.

14. Consumers in the United States are able to purchase licensed live television access to the 2017 IPL through TCL's authorized television carriers, including DISH Network's satellite television service and the Sling TV / Sling International's OTT service. TCL's coverage of the 2017 IPL commenced on April 5, 2017 at approximately 9:30 a.m. (CDT), and continues through May 21, 2017 at approximately 12:30 p.m. (CDT). The 2017 IPL schedule including each match is attached as Exhibit 1.

15. The crickethdlive.com and smartcric.com websites, including full and mobile versions, are not authorized to retransmit or distribute the 2017 IPL in the United States by any means.

### Defendants' Unlawful Conduct

16. Beginning on April 5, 2017 and continuing through the date of this writing, Defendants, through both the full and mobile versions of their smartcric.com and crickethdlive.com websites (collectively, "Websites"), have been advertising, displaying, distributing, and/or publicly performing the 2017 IPL in Texas and elsewhere in the United States without authorization.

17. As of the date of this writing, the home page of smartcric.com included a link titled "Live Cricket Streaming on Star Sports, Willow TV, PTV Sports & Sky Sports." A true and correct copy of the top portion of a screenshot showing the home page of smartcric.com as of April 21, 2017 is as follows:



18. Clicking on the "Live Cricket Streaming on Star Sports, Willow TV, PTV Sports & Sky Sports" link opens a webpage located at Uniform Resource Locator ("URL") http://web.smartcric.com/live-cricket-streaming/, which includes a screen with an embedded graphic stating "Click Here to Watch Live Cricket". A true and correct copy of the top portion of a screenshot showing the webpage located at this URL as of April 21, 2017 is as follows:



19.     Clicking on the "Click Here to Watch Live Cricket" link takes the user to the home page of crickethdlive.com.

20.     Smartcric.com also operates a mobile version of its website that allows users to receive the 2017 IPL via a mobile device.  Clicking on the "Indian Premier League" link from the Smartcric.com mobile version takes the user to a webpage that displays, distributes and publicly performs the 2017 IPL.

6



21.     As of the date of this writing, the home page of crickethdlive.com included the instructions "Please select match to watch live cricket streaming in HD" and three links, one titled "Indian Premier League" and the notation "LIVE NOW." A true and correct copy of a screenshot showing the crickethdlive.com home page as of as of April 21, 2017 is as follows:

> 4/21/2017                        Live Cricket Streaming HD - Watch Cricket on CricketHDLive.Com
>
> # CricketHDLive.Com
>
> **Please select match to watch live cricket streaming in HD:**
>
> | Indian Premier League | LIVE NOW |
> |---|---|
> | Pakistan Vs West Indies | LIVE NOW |
> | Bangladesh Vs Sri Lanka | OFFLINE |
>
> All rights reserved - CricketHDLive.Com

22.     Clicking on the "Indian Premier League" link opens a webpage located at URL http://www.crickethdlive.com/hd-cricket-1.htm or www.crickethdlive.com/video1.htm, which displays, distributes and publicly performs the 2017 IPL. A true and correct copy of a screenshot evidencing Defendants' display, distribution and public performance of the 2017 IPL on April 21, 2017 is as follows:



23. TCL is informed and believes that in the absence of immediate injunctive relief, Defendants will continue their unauthorized display, distribution and public performance of the 2017 IPL on their Websites through the conclusion of the cricket tournament on May 21, 2017.

24. Neither TCL, ESPN, nor BCCI has authorized anyone to display, distribute, or publicly perform the 2017 IPL on the Websites.

25. TCL is informed and believes and on that basis alleges that Defendants Doe 1 and Doe 2 jointly own and/or operate both Websites, and that Defendants Does 3-10 are assisting Defendants Doe 1 and Doe 2 in the unauthorized live Internet streams of the 2017 IPL.

26. TCL is informed and believes and on that basis alleges that Defendants have captured and will continue to capture broadcasts of the 2017 IPL and, without authorization, retransmit and distribute that content to consumers in the United States that access the Websites or, alternatively, have acquired and intend to acquire the infringing streams from one or more third parties who have or intend to distribute and retransmit the 2017 IPL without authorization.

27. Defendants' past and anticipated future infringement has and will cause TCL severe and irreparable harm.

28. In distributing and/or publicly performing and/or aiding the distribution and public performance of the 2017 IPL through unauthorized channels, Defendants have and will continue to unlawfully usurp the benefits of TCL's exclusive rights to distribute and/or publicly perform the 2017 IPL in the United States.

29. Defendants' past and anticipated future unlawful distribution and/or public performance will impair the marketability and profitability of the 2017 IPL, and interfere with TCL's own authorized distribution, because Defendants have and will provide consumers with an opportunity to view the 2017 IPL for free rather than paying for it through TCL's authorized channels. This is especially true where, as here, the works at issue are live cricket matches that are one-time sporting events located in India and whose outcome is unknown.

30. Defendants' unauthorized display, distribution and public performance also threatens to irreparably harm TCL's relationships with consumers, as well as with TCL's authorized television carriers, who rely on consumer purchases of access to the 2017 IPL.

31. TCL's relationships with its authorized television carriers and with consumers depend on TCL's ability to control when, where, and under what conditions the 2017 IPL is distributed and/or publicly performed. Defendants, through their past and anticipated future infringing conduct, undermine those relationships.

32. Defendants' infringing streams also threaten to damage TCL's reputation with consumers, as TCL cannot exercise any quality control over Defendants' retransmission, which may be of inferior quality, subject to technical problems, and may suffer from other quality problems that consumers will mistakenly associate with TCL.

33. In sum, Defendants' past and anticipated future infringement not only denies TCL the benefits of its exclusive rights in the 2017 IPL, but also threatens to irreparably harm TCL's valuable relationships with its authorized television carriers and with consumers.

34. These harms cannot be adequately compensated by monetary damages.

35. Defendants have taken steps to conceal their true identities, locations and contact information from TCL and from the public. The Websites do not contain any contact information for Defendants.

36. Defendants have also concealed their true identities and locations in the public Whois database, which contains unverified name and contact information used to register Defendants' Internet domain names.

37. The registrant information for the Websites is concealed by privacy protection services that prevent TCL from learning what name and address information Defendants used to register their domain names. The privacy protection services, which are located in Panama and the Bahamas, replace Defendants' contact information with their own name and address, and provide an anonymous email address that does not belong to Defendants, but on information and belief, relays email messages to an email address owned and controlled by Defendants.

38. TCL has been unable to locate additional information about Defendants' identities or whereabouts.

39. TCL served Defendants with Advance Notices of Potential Infringement pursuant to 37 C.F.R. § 201.22 on April 20, 2017 and April 25, 2017 ("Notices"). True and correct copies of the Notices are attached hereto as Exhibit 2.

40. In the Notices, TCL advised Defendants of TCL's rights and demanded that Defendants black out and not distribute the 2017 IPL. *See* Exhibit 2. Defendants have had more than forty-eight hours to comply with these demands.

41. TCL served the Notices on Defendants by email to the anonymous "privacy protection" email addresses that are publicly available for the Websites. TCL also sent Notices via international registered mail to Defendants, care of the Bahamas and Panama privacy protection services used to mask the registrant information for the Websites.

42. TCL is informed and believes and on that basis alleges that it served Defendants with the Notices at every publicly-available physical address and email address that is related to Defendants.

43. TCL also served Defendants with at least nine (9) notices of infringement between April 7, 2017 and April 25, 2017, demanding that Defendants cease unlawfully retransmitting and distributing the 2017 IPL ("Cease and Desist Letters").

44. As of the date of this filing, TCL has not received any response to the Notices or Cease and Desist Letters and Defendants continue to infringe TCL's exclusive rights in the 2017 IPL.

## Claims for Relief

### Count I

### Direct Copyright Infringement Under 17 U.S.C. §§ 411(c) & 501

45. TCL repeats and realleges the allegations in paragraphs 1-44.

46. Under 17 U.S.C. § 106, TCL holds the exclusive rights to distribute and publicly perform in the United States the 2017 IPL by means including Internet, OTT, IPTV, satellite, cable,

and mobile devices, including transmitting it simultaneously as each match occurs live and is fixed in a tangible medium of expression.

47. TCL owns or will own the US copyrights in each match of the 2017 IPL immediately upon its fixation in a tangible medium of expression. Each match of the 2017 IPL is an original audiovisual work that is fixed or will be fixed in a tangible medium of expression, and is therefore copyrightable subject matter. TCL's copyrights in the 2017 IPL arise under the laws of India where the matches are authored, first published, or broadcast, and which is a party to a copyright treaty with the United States. Each 2017 IPL match constitutes a foreign work and/or a live performance or broadcast under 17 U.S.C. § 411 and is protected by the Copyright Act, 17 U.S.C. § 104.

48. TCL is informed and believes and on that basis alleges that Defendants received the Notices more than forty-eight hours prior to the commencement of numerous 2017 IPL matches.

49. Defendants distribute and publicly perform the copyrighted 2017 IPL to users throughout the United States via the Websites, all in violation of TCL's exclusive rights under 17 U.S.C. § 106. TCL has not authorized Defendants to distribute or publicly perform any of the 2017 IPL matches in any manner.

50. Defendants are directly infringing TCL's copyrights in violation of 17 U.S.C. § 501. The infringement of TCL's rights in each 2017 IPL match constitutes a separate and distinct act of copyright infringement.

51. Defendants' acts are willful, intentional, purposeful, and in disregard of and with indifference to the rights of TCL.

52. Unless enjoined by the Court, Defendants will continue to engage in acts causing substantial and irreparable injury to TCL that includes damage to its reputation and goodwill, and lost revenue, for which there is no adequate remedy at law.

## Count II

### Contributory Copyright Infringement Under 17 U.S.C. §§ 411(c) & 501

53. TCL repeats and realleges the allegations in paragraphs 1-44 and 46-48.

54. TCL is informed and believes and on that basis alleges that Defendants have and will materially contribute to direct infringement of its exclusive rights in the 2017 IPL by others, including without limitation third parties from whom Defendants acquire the infringing streams. Each such violation of TCL's rights constitutes a separate and distinct act of copyright infringement.

55. Defendants will be liable as contributory infringers for each such act of copyright infringement. Defendants have knowledge of this infringement by virtue of receiving the Notices and Cease and Desist Letters.

56. Despite being on actual notice that their conduct has and will continue to infringe TCL's rights, Defendants continue to represent to the public that they intend to cause, enable, induce, facilitate and materially contribute to the infringement by displaying, distributing and retransmitting the 2017 IPL in the United States without authorization.

57. Defendants are contributing to infringement of TCL's copyrights in violation of 17 U.S.C. § 501 by displaying, distributing, and publicly performing the 2017 IPL on the Websites. The infringement of TCL's rights in each 2017 IPL match constitutes a separate and distinct act of copyright infringement.

58. Defendants' acts are willful, intentional, purposeful, and in disregard of and with indifference to the rights of TCL.

59. Unless enjoined by the Court, Defendants will continue to engage in acts causing substantial and irreparable injury to TCL that includes damage to its reputation and goodwill, and lost revenue, for which there is no adequate remedy at law.

## Count III

### Vicarious Copyright Infringement Under 17 U.S.C. §§ 411(c) & 501

60. TCL repeats and realleges the allegations in paragraphs 1-44 and 46-48.

61. TCL is informed and believes and on that basis alleges that Defendants vicariously infringe TCL's exclusive rights in the 2017 IPL by displaying, retransmitting and distributing the infringing streams of the 2017 IPL via the Websites.

62. TCL is informed and believes and on that basis alleges that Defendants have the legal right and actual ability to supervise this infringing conduct because, among other things, Defendants operate the Websites and exercise direct control over the content that is made available through the Websites, and the conditions under which such content can be accessed.

63. TCL is informed and believes and on that basis alleges that Defendants receive a direct financial benefit from having the 2017 IPL displayed, distributed and publicly performed through the Websites. The availability of this content attracts and draws users to the Websites, resulting in increased advertising revenue for the Defendants.

64. Defendants are vicariously infringing TCL's copyrights in violation of 17 U.S.C. § 501. The infringement of TCL's rights in each 2017 IPL match constitutes a separate and distinct act of copyright infringement.

65. Defendants' acts are willful, intentional, purposeful, and in disregard of and with indifference to the rights of TCL.

66. Unless enjoined by the Court, Defendants will continue to engage in acts causing substantial and irreparable injury to TCL that includes damage to its reputation and goodwill, and lost revenue, for which there is no adequate remedy at law.

**Prayer for Relief**

WHEREFORE, TCL prays for judgment against Defendants as follows:

A. For a temporary restraining order, preliminary injunction, and permanent injunction:

    a. Prohibiting Defendants and their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns and all those acting in active concert or participation with any of them, including any and all service providers who receive notice of the Court's order from:

        i. hosting, displaying, linking to, distributing, reproducing, publicly performing, selling, offering for sale, making available for download, streaming or making any other use of the 2017 IPL or any portion thereof;

        ii. taking any action that induces, causes or materially contributes to the direct infringement of TCL's rights in the 2017 IPL by any third party, including without limitation hosting, displaying, linking to, distributing, reproducing, publicly performing, selling, offering for sale, making available for download, streaming or making any other use of the 2017 IPL or any portion thereof;

        iii. otherwise infringing TCL's rights in any manner, whether directly, contributorily, vicariously or in any other way; and

    b. Ordering that upon receipt of the Court's order, and continuing until 6:00 a.m. CDT on May 22, 2017, all service providers whose services will enable or facilitate Defendants' anticipated infringement are ordered to suspend all services with respect to Defendants' Infringing Websites, including all registries, registrars, hosts, privacy protection, name servers, site acceleration providers, providers of

       video delivery resources, and providers of computer and network resources through which video transits;

  c. Ordering that upon receipt of the Court's order, the registries and registrars holding or listing the domain names smartcric.com and crickethdlive.com, shall immediately change the registrar of record for the domains to a holding account, hold the domains in trust for the court during the pendency of this action, and keep the domains frozen and placed on lock status to prevent the domains from being modified, sold, transferred to another owner, or deleted until further order of this Court. This process shall effectively seize and impound the domains so their content is no longer accessible on the Internet until 6:00 a.m. CDT May 22, 2017.

  d. Prohibiting Defendants and each of them, including without limitation their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns and all those acting in active concert or participation with any of them, from effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth herein.

B. That the Court award TCL actual damages, profits and/or statutory damages pursuant to 17 U.S.C. § 504, at the election of TCL.

C. That the Court award TCL their costs of suit incurred herein, including their attorneys' fees and investigators' fees incurred by TCL in investigating Defendants' unlawful conduct, as provided by applicable law.

D. That the Court Order the impoundment and disposition of all infringing articles under 17 U.S.C. § 503.

E. That the Court Award pre- and post-judgment interest on all damages, from the earliest date permitted by law at the maximum rate permitted by law.

F. That the Court retain jurisdiction of this action for the purpose of enabling TCL to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

G. That the Court grant TCL such other and further relief as it deems just

Dated: April 26, 2017                          Respectfully submitted,

                                            **HAGAN NOLL & BOYLE LLC**

By: s/ Stephen M. Ferguson
     Stephen M. Ferguson (attorney-in-charge)
     Texas Bar No. 24035248
     Southern District of Texas Bar No. 614706
     Two Memorial City Plaza
     820 Gessner, Suite 940
     Houston, Texas 77024
     Telephone: (713) 343-0478
     Facsimile: (713) 758-0146

     Joseph H. Boyle (of counsel)
     Texas Bar No. 24031757
     Southern District of Texas Bar No. 30740

**Counsel for Plaintiff Times Content Limited**